| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF PICKENS ) | |
| Veronica Oglesby, ) | |
| ) | |
| Plaintiff, ) | |
| ) | SUMMONS |
| vs. ) | (JURY TRIAL DEMANDED) |
| ) | |
| Professional Transportation, Inc., ) | Case No. |
| ) | |
| Defendant. ) | |

**TO: The Defendant Above Named**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on subscriber hereto at his office at 512 East North Street, Greenville, South Carolina 29601, within thirty (30) days after service hereof, exclusive of the day of such service; except that the United States of America, if named, shall have sixty (60) days to answer after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time frame aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

April 30, 2019

s/John P. Mann, Jr.
John P. Mann, Jr. (#3624)
MANN LAW FIRM, P.A.
512 E. North St.
Greenville, SC 29601
Telephone: (864) 243-8358
Facsimile: (864) 233-5088
Email: jpm@mannlaw.org
Attorney for Plaintiff

ELECTRONICALLY FILED - 2019 Apr 30 10:31 AM - PICKENS - COMMON PLEAS - CASE#2019CP3900565

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>) IN THE COURT OF COMMON PLEAS<br>COUNTY OF PICKENS ) | |
| Veronica Oglesby, )<br>)<br>Plaintiff, )<br>) COMPLAINT<br>vs. ) (JURY TRIAL DEMANDED)<br>)<br>Professional Transportation, Inc., )<br>) Case No.<br>Defendant. )<br>) | |

Plaintiff Veronica Oglesby, individually and on behalf of all other similarly situated Field Safety Officers, for her Complaint against Defendant Professional Transportation, Inc. alleges as follows:

1. Defendant PTI provides over-the-road and dedicated yard van crew transportation services to customers in the railroad industry across the United States, including CSX Transportation, Kansas City Southern, Norfolk Southern, Union Pacific, BNSF Railway, Canadian Pacific Railroad, Utah Railway, and Portland and Western Railroad.

2. Plaintiff Veronica Oglesby brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., to recover unpaid overtime wages owed to herself and similarly situated Field Safety Officers employed by Defendant.

**Jurisdiction and Venue**

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. § 216(b).

2

4. Venue is proper because Defendant employed Plaintiff in this County, Defendant operates transportation services in this County, and a substantial part of the events giving rise to the claim herein occurred in this County.

### Parties

5. Defendant Professional Transportation, Inc. is, upon information and belief, a corporation organized under the laws of one of the states of the United States with agents and employees in Pickens County, South Carolina.

6. Plaintiff, Veronica Oglesby, is a citizen and resident of Pickens County, South Carolina, and has been employed by Defendant as a Field Safety Officer from approximately October 2008 to the present. Plaintiff works remotely from her home in Liberty, South Carolina. Ms. Oglesby's consent to bring this action pursuant to 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

### General Allegations

**Defendants' Business**

7. The majority of Defendant's employees drive vans and other motor vehicles to transport railroad employees, including conductors, engineers, and other similar workers, to their various work assignments.

8. Defendant also employs six or seven safety officers, including Plaintiff, who all have the same primary job duty: to provide prescribed safety training to Defendant's drivers, investigate accidents involving company drivers and motor vehicles, to gather factual information, prepare accident reports applying known standards and prescribed procedures, and determining whether prescribed standards or criteria are met. The safety officers all report to a senior safety director.

ELECTRONICALLY FILED - 2019 Apr 30 10:31 AM - PICKENS - COMMON PLEAS - CASE#2019CP3900565

3

9. Defendant's safety officers are required to travel interstate to company locations and accident sites and regularly work in excess of forty hours per week.

**Defendants' Pay and Reimbursement Practices**

10. All safety officers are paid an annual salary of less than sixty thousand dollars.

11. All safety officers are erroneously classified by Defendant as exempt from the overtime requirements of § 207(a)(1) of the FLSA and are not compensated in any way for hours worked over forty in a workweek.

### Collective Action Allegations

12. Plaintiff brings her claim under the FLSA as an "opt-in" collective action on behalf of similarly situated safety officers pursuant to 29 U.S.C. § 216(b).

13. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

14. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal overtime wages. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or e-mail.

15. Plaintiff and all of Defendants' safety officers are similarly situated in that:

   a. They have worked as safety officers for Defendant investigating accidents, preparing accident reports, and conducting safety training for Defendant's drivers and other personnel around the country;

   b. They were subject to similar working conditions, work hours, and supervision;

   c. They were subject to the same pay policies and practices of Defendant;

ELECTRONICALLY FILED - 2019 Apr 30 10:31 AM - PICKENS - COMMON PLEAS - CASE#2019CP3900565

    d. They worked in excess of forty hours in a workweek; and

    e. They were not compensated for hours they worked over forty hours in a workweek.

### Count I: Violation of the Fair Labor Standards Act

16. Plaintiff reasserts and re-alleges the allegations set forth above.

17. The FLSA regulates, among other things, the payment of overtime by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a).

18. Defendant is subject to the FLSA's overtime pay requirements because it constitutes an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

19. At all relevant times herein, Plaintiff and all other similarly situated safety officers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

20. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated safety officers.

21. Under Section 7 of the FLSA, codified at 29 U.S.C. § 207, employees are entitled to be compensated at a rate of at least one and one-half times the regular rate at which they are employed for each hour worked in excess of forty hours in a workweek.

22. As alleged herein, Defendant has not compensated safety officers at all for hours worked in excess of forty hours in a workweek.

23. Defendant knew or should have known that its pay policies, practices and methodology result in failure to compensate safety officers at the federal overtime rate.

24. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay overtime compensation to Plaintiff and other similarly situated employees.

25. Plaintiff and all similarly situated safety officers are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all safety officers employed by Defendant.

26. Plaintiff and all similarly situated employees are entitled to damages equal to one and one-half times their regular hourly wage for all hours worked over forty hours in a workweek within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for whether, their conduct was unlawful.

27. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

28. As a result of the aforesaid willful violations of the FLSA's overtime compensation provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), for overtime compensation together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

ELECTRONICALLY FILED - 2019 Apr 30 10:31 AM - PICKENS - COMMON PLEAS - CASE#2019CP3900565

WHEREFORE, Plaintiff and all similarly situated safety officers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully Submitted,
this 30th day of April, 2019

s/John P. Mann, Jr.
John P. Mann, Jr. (#3624)
MANN LAW FIRM, P.A.
512 E. North Street
Greenville, SC  29601
Telephone: (864) 243-8358
Facsimile:  (864) 233-5088
Email: jpm@mannlaw.org
Attorney for Plaintiff

ELECTRONICALLY FILED - 2019 Apr 30 10:31 AM - PICKENS - COMMON PLEAS - CASE#2019CP3900565